# EXHIBIT A

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| SARAH LYNN FOWLER<br>Petitioner,<br><br>v.<br><br>PENNSYLVANIA DEPARTMENT OF<br>HUMAN SERVICES; TERESA D.<br>MILLER, in her official capacity as<br>secretary of the Department of Health<br>and Human Services;<br>PENNSYLVANIA PROFESSIONAL<br>STANDARDS AND PRACTICES<br>COMMISSION<br>Respondent. | No.: *574 MD 2020*<br>ORIGINAL JURISDICTION |

## NOTICE TO PLEAD

**TO:  Pennsylvania Department of Human Services, Teresa D. Miller, and Pennsylvania Professional Standards and Practices Commission.**

You are hereby notified to file a written response to the Petition for Review in the Nature of a Complaint for Declaratory Judgment, Mandamus, and Equitable Relief within thirty (30) days from service hereof or a judgment may be entered against you.

Dated:  October 15, 2020

*/s/ Scott P. Stedjan*
Scott P. Stedjan, Esquire
PA I.D. No.: 318851
Thomas W. Scott
PA I.D. No.: 15682
KILLIAN & GEPHART, LLP
218 Pine Street
Harrisburg, PA  17101
TEL:  (717) 232-1851
sstedjan@killiangephart.com
tscott@killiangephart.com
*Counsel for Petitioner*

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| SARAH LYNN FOWLER<br>Petitioner,<br><br>v.<br><br>PENNSYLVANIA DEPARTMENT OF HUMAN SERVICES; TERESA D. MILLER, in her official capacity as secretary of the Department of Health and Human Services; PENNSYLVANIA PROFESSIONAL STANDARDS AND PRACTICES COMMISSION<br>Respondent. | No.: 574 MD 2020<br>ORIGINAL JURISDICTION |

## PETITION FOR REVIEW IN THE NATURE OF A COMPLAINT IN EQUITY, MANDAMUS, AND FOR DECLARATORY RELIEF

Petitioner, Sarah Lynn Fowler, by and through counsel, presents a facial and as-applied constitutional challenge to Sections 6303 and 6368 of the Child Protective Services Law ("the CPSL"), 23 Pa. C.S. §§ 6303, 6368, and to Section 9d(a)(1) of the Educator Discipline Act.[1]

---

[1] Act of December 12, 1973, P.L 397, added by the Act of December 18, 2013, P.L. 1205, 24 P.S. § 2070.9d(a)(1).

Petitioner alleges that the CPSL is constitutionally deficient in that it (1) fails to provide pre-deprivation due process to individuals listed on the statewide ChildLine database as a perpetrator in an indicated report of child abuse; and (2) fails to provide a pre-deprivation hearing to individuals identified as a perpetrator in a founded report of child abuse by virtue of acceptance in an accelerated rehabilitative disposition ("ARD") program.  Petitioner further alleges that Section 9d (a)(1) of the Educator Discipline Act is constitutionally deficient because it strips public school employees of the right to work in their chosen professions without adequate due process protections.  To those ends, Petitioner respectfully submits the following:

## I.  PARTIES

1.  Sarah Lynn Fowler ("Petitioner") is an adult citizen of the United States and of the Commonwealth of Pennsylvania.  At all times relevant, Petitioner has resided in Etters in York County, Pennsylvania.

2.  Petitioner is a professional educator.  From January 1, 2014 until February 1, 2020, Petitioner held a professional Instructional I certifications (PK-4 and special education PK-8) issued by the Pennsylvania Department of Education (PDE).

3.      Respondent Pennsylvania Department of Human Services ("DHS") is a Commonwealth agency. DHS has a primary business address at 625 Forster Street, Harrisburg, Pennsylvania.

4.      Respondent Teresa Miller is the Secretary of the Department of Health and Human Services. She is named in this suit in her official capacity. At all times relevant, Respondent Miller acted under color of state law. Respondent Miller is a person for purposes of 42 U.S.C. § 1983 when sued for injunctive relief. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 n.10 (1989).

5.      Respondent Pennsylvania Professional Standards and Practices Commission (PSPC) is a Commonwealth agency. Relevant to the instant litigation, the PSPC is charged with directing the PDE to impose discipline on certified educators in accordance with the Pennsylvania Educator Discipline Act.

## II.    JURISDICTION

6.      This Court has original jurisdiction over the equitable claims asserted pursuant to Section 761(a) of the Pennsylvania Judicial Code, 42 Pa. C.S. § 761(a).

7.      This Court has the authority to issue declaratory relief pursuant to the Declaratory Judgments Act, 42 Pa. C.S. §§ 7531 - 7541.

8.      Declaratory relief is appropriate because Petitioner's administrative remedy is inadequate, and because Petitioner requires relief from uncertainty with respect to her rights.

3

9.     This Court has original jurisdiction over claims asserted against state officials under 42 U.S.C. § 1983 insofar as these claims solely seek injunctive and declaratory relief. <u>Fawber v. Cohen</u>, 532 A.2d 429, 433 (Pa. 1987).

10.     Petitioner lacks a viable remedy at law.

### III.    BACKGROUND FACTS

11.     Petitioner worked as a special education teacher specializing in autism support at the Harrisburg School District from August 14, 2015, until she was terminated in October 2018 for an incident that occurred on September 13, 2018.

12.     On September 13, 2018, Petitioner's autism support class was in physical education class when she was called to respond when one of her students became highly escalated.   Petitioner implemented a therapeutic de-escalation strategy that she witnessed other teachers administer on students with similar behaviors.

13.     All students with disabilities in the Commonwealth must have an Individualized Education Program.  34 CFR § 300.320; 22 Pa. Code § 14.131.

14.     The Harrisburg School District previously approved an Individualized Education Program for another student with similar behaviors as the student in this matter that explicitly included the strategy utilized by Petitioner.

15.     The de-escalation strategy involved a teacher walking up and down the hall and/or stairwell with the highly escalated student.  The strategy seeks to (1)

4

release the student's excess energy; (2) add serotonin to the student's brain through movement; and (3) decrease brain stimulation by moving the child to a relatively isolated area.

16.     Petitioner witnessed other teachers implement the strategy on another student.

17.     Petitioner's actions were recorded on Harrisburg School District's video surveillance system.

18.     Petitioner was well-aware that her actions were recorded and did not believe she was doing anything wrong.

19.     A report of the incident was made to the administration of Harrisburg School District.

20.     On September 14, 2018, the Harrisburg School District placed Petitioner on administrative leave while they investigated the incident.

**Report to Children and Youth**

21.     On or about September 14, 2018, the Harrisburg School District submitted a report of Petitioner's September 13, 2018, conduct to DHS as a possible incident of child abuse.

22.     DHS referred the report to Dauphin County Social Services for Children and Youth ("the County Agency") for an investigation.

23.     On or about September 28, 2018, the County Agency opened its investigation into Petitioner's September 13, 2018 conduct.

24.     Pursuant to the CPSL, all investigations into suspected child abuse must be completed by a county children and youth agency within 60 days of receiving a report of suspected child abuse from DHS.  23 Pa. C.S. § 6368(j)(1).

25.     On Tuesday, November 20, 2018, 53 days after opening its investigation of suspected child abuse, and 67 days after the Harrisburg School District submitted a report of the incident to DHS, Petitioner received a phone call from an investigator with the County Agency asking Petitioner to meet for an investigatory interview.

26.     Due to office closings for the Thanksgiving holiday between November 22 and November 25, 2018, the meeting between the County Agency and Petitioner was scheduled for 9:00 am on Monday, November 26, 2018.

27.     November 26, 2018 was the 59th day since the County Agency opened its report and the 73rd day after the report was made to DHS.

28.     The investigator with the County Agency interviewed Petitioner with counsel present on November 26, 2018, for approximately 90 minutes.

29.     The Solicitor for the county agency informed Petitioner's counsel that Petitioner would be listed in an indicated report of child abuse.  The Solicitor also informed counsel that the County Agency concluded its investigation and made its

final determination that Petitioner was a perpetrator in an indicated report of child abuse the week prior to Petitioner's November 26, 2018 interview.

30.     It appears that Petitioner's November 26, 2018 interview was nothing more than a performance to seemingly satisfy the requirements of the CPSL.

31.     The County Agency made its findings based upon incorrect information and without considering the investigator's interview with Petitioner.

## ChildLine Registry

32.     DHS maintains a statewide database of protective services called the ChildLine.

33.     As of November 30, 2018, Petitioner was listed on the statewide ChildLine database as a perpetrator in an indicated report of child abuse. (Ex. A.)

34.     The ChildLine database includes various allegations that are harmful to Petitioner's reputation.  See G.V. v. Dep't of Pub. Welfare, 625 Pa. 280, 294, 91 A.3d 667, 675 (2014) (Saylor, concurring) ("[T]here is substantial stigma associated with inclusion of one's name in a child-abuse registry..").

35.     Petitioner was afforded no opportunity to be heard by a neutral adjudicator prior to being listed as a perpetrator in an indicated report of child abuse on the ChildLine database.

43.     Even though no charges were formally docketed at the time, the Bureau of Hearings and Appeals issued the stay on the morning of the hearing. Petitioner was in the parking lot outside the hearing room when she was informed that she was stripped of her right to a hearing.

## Teacher's Certification Suspension

44.     On April 10, 2019, while Petitioner was attempting to challenge the indicated report of child abuse, PDE informed her that it had received an Educator Misconduct Complaint related to the September 13, 2018 incident.

45.     On or about December 3, 2019, PDE filed Notice of Charges against Petitioner, seeking an indefinite suspension of her certification on the basis that she was charged with a crime set forth in Section 111(e) of the Pennsylvania Public School Code ("School Code"), 24 P.S. § 1-111(e), as required by Section 9b of the Educator Discipline Act, 24 P.S. § 2070.9b(a)(1).

46.     Petitioner did not oppose the suspension or request a hearing as the only issue in the hearing would be to determine whether she was charged with a crime set forth in Section 111(e) of the School Code. There was no dispute of this fact.

47.     On January 17, 2020, the PSPC suspended Petitioner's educator certificate, stripping her of her right to work in her chosen profession. (Ex. D.)

48.     Petitioner's certificate from PDE expired on February 1, 2020. She was unable to receive an Instructional Level II permanent certificate from PDE.

**ARD**

49.     In December 2019, the District Attorney for Dauphin County referred Petitioner's case to the county's Accelerated Rehabilitative Disposition (ARD) Program.

50.     From December 2019 to June 2020, Petitioner's counsel attempted to negotiate the terms of Petitioner's ARD.

51.     Petitioner did not want to surrender her teaching certificate as part of the ARD program and requested that the certificate issue be addressed by PDE and the PSPC.   The District Attorney's office denied this request.   The District Attorney's office informed Petitioner that if she did not sign an affidavit of surrender of her certificate, the Commonwealth will take her out of consideration for the ARD program.

52.     Petitioner decided to enter the ARD program because she did not want to face the uncertainty and prejudices that come with a criminal jury trial.

53.     Petitioner agreed to surrender her teaching certificate because the immediate outcome of surrender would be the same as acceptance into an ARD program.

54.     On June 26, 2020, Petitioner entered the ARD program.  The Dauphin County Court of Common Pleas approved ARD without taking any testimony or fact-finding.

**Founded Report**

55.     Pursuant to Section 6303 of the CPSL, 23 Pa. C.S. § 6303, a report of child abuse on the Child Line database automatically becomes a founder report when "[t]here has been an acceptance into an accelerated rehabilitative disposition program and the reason for the acceptance involves the same factual circumstances involved in the allegation of child abuse."

56.     Because Petitioner entered the Dauphin County ARD program related to charges that involve the same factual circumstances involved in the allegation of child abuse in the ChildLine registry, Petitioner will imminently be listed as a perpetrator in a founded report of child abuse.

**Harm to Petitioner**

57.     Petitioner's reputation and employment opportunities are severely injured by the above-mentioned facts.

58.     Being listed on the ChildLine database as a perpetrator in either a founded or indicated report of child abuse essentially ends the career of public school teachers.

59.     While Petitioner was listed on the ChildLine database as a perpetrator in an indicated report of child abuse, she faced reputational harm and severe barriers to pursuing her chosen profession or volunteering in any position where Petitioner may have contact with children.

60.    For as long as Petitioner is listed on the ChildLine database as a perpetrator in a founded report of child abuse, she faces reputational harm and a bar on pursuing her chosen profession or any other profession having direct contact with children.  (See 23 Pa. C.S. § 6344(c) (barring employment in any position involving direct contact with children when "the applicant is named in the Statewide database as the perpetrator of a founded report committed within the five-year period immediately preceding verification pursuant to this section").)

## IV.    CAUSES OF ACTION

### COUNT I
### ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF:
### VIOLATION OF PROCEDURAL DUE PROCESS
### UNDER THE PENNSYLVANIA CONSTITUTION
### (Petitioner v. DHS)

61.    All preceding paragraphs are incorporated as if fully set forth herein.

62.    Reputation is a fundamental right protected by Article I of the Pennsylvania Constitution.  Pa. Const. art. I, §1.

63.    The Pennsylvania Constitution establishes reputation as one of the fundamental rights that cannot be abridged without compliance with state constitutional standards of due process.

64.     DHS entered Petitioner's name on the ChildLine database as a perpetrator in an indicated report of child abuse without providing Petitioner adequate pre-deprivation due process.

65.     Due process entitles Petitioner to notice and a meaningful opportunity to be heard prior to being listed on the ChildLine database as a perpetrator in an indicated report of child abuse.

66.     The procedures employed by government actors pursuant to the CPSL pose a high risk of erroneous deprivation of individual rights.

67.     Alternative procedures that could prevent constitutional deprivations are readily available at a low cost.

68.     As a direct and proximate result of DHS' failure to provide Petitioner with adequate pre-deprivation due process, Petitioner suffered serious injury to her reputation and loss of employment opportunities.

69.     Under no set of facts would the Pennsylvania Constitution permit an individual to be listed as a perpetrator in an indicated report of child abuse on the ChildLine registry without DHS providing the individual with notice and a meaningful opportunity to be heard prior to being listed as a perpetrator.

70.     Petitioner lacks an adequate remedy at law.

**WHEREFORE**, Petitioner prays upon this Court to issue an order providing the following relief:

- Declare that the Section 6368 of the CPSL, 23 Pa. C.S. § 6368, is constitutionally deficient under the Pennsylvania Constitution on its face insofar as the CPSL provides no pre-deprivation due process to individuals listed on the ChildLine database as perpetrators of an indicated report of child abuse;

- Declare that the Section 6368 of the CPSL, 23 Pa. C.S. § 6368, is constitutionally deficient under the Pennsylvania Constitution as applied to Petitioner insofar as Petitioner was provided with no pre-deprivation due process prior to being listed on the ChildLine database as a perpetrator in an indicated report of child abuse;

- Enjoin DHS from listing Petitioner or any other individual as a perpetrator in an indicated report of child abuse unless the individual is first provided notice and a meaningful opportunity to be heard at a meaningful time; and

- Grant any other relief the Court deems proper and equitable.

## COUNT II

### ACTION PURSUANT TO 42 U.S.C. § 1983: VIOLATION OF PROCEDURAL DUE PROCESS UNDER THE UNITED STATES CONSTITION
### (Petitioner Against Respondent Miller)

71.   All preceding paragraphs are incorporated as if fully set forth herein.

72.   Reputation is protected by the due process clause of the Fourteenth Amendment to the United States Constitution, U.S. Const. amend. XIV, when the

infringement of the right to reputation is "accompanie[d by] the alteration or extinguishment of a right or status previously recognized by state law." Watson v. Sec'y Pa. Dep't of Corr., 436 F. App'x 131, 134 (3d Cir. 2011).

73.     At all times relevant Respondent Miller acted under the color of state law.

74.     Respondent Miller, in her official capacity, is charged with enforcing the CPSL.

75.     Petitioner's name was entered on the ChildLine database as a perpetrator in an indicated report of child abuse without providing Petitioner adequate pre-deprivation due process.

76.     The report on the ChildLine database made it impossible for Petitioner to receive her Instructional Level II permanent certification.

77.     Due process entitles Petitioner to notice and a meaningful opportunity to be heard prior to being listed on the ChildLine database as a perpetrator in an indicated report of child abuse.

78.     The procedures employed by government actors pursuant to the CPSL pose a high risk of erroneous deprivation of individual rights.

79.     Alternative procedures that could prevent constitutional deprivations are readily available at a low cost.

80.    As a direct and proximate result of Respondent Miller's failure to provide Petitioner with adequate pre-deprivation due process, Petitioner suffered serious injury to her reputation and loss of employment opportunities.

81.    Under no set of facts would the Pennsylvania Constitution permit an individual to be listed as a perpetrator in an indicated report of child abuse on the ChildLine registry without the Secretary of DHS providing the individual with notice and a meaningful opportunity to be heard prior to being listed.

82.    Petitioner lacks an adequate remedy at law.

**WHEREFORE**, Petitioner prays upon this Court to issue an order providing the following relief:

- Declare that the Section 6368 of the CPSL, 23 Pa. C.S. § 6368, is constitutionally deficient under the United States Constitution on its face insofar as the CPSL provides no pre-deprivation due process to individuals listed on the ChildLine database as perpetrators of an indicated report of child abuse;

- Declare that the Section 6368 of the CPSL, 23 Pa. C.S. § 6368, is constitutionally deficient under the United States Constitution as applied to Petitioner insofar as Petitioner was provided with no pre-deprivation due process prior to being listed on the ChildLine database as a perpetrator in an indicated report of child abuse;

- Enjoin Respondent from listing Petitioner or any individual as a perpetrator in an indicated report of child abuse unless the individual is first provided notice and a meaningful opportunity to be heard at a meaningful time;

- Award Petitioner reasonable attorney's fees pursuant to 42 U.S. § 1988; and

- Grant any other relief the Court deems proper and equitable.

### COUNT III
### ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF:
### VIOLATION OF PROCEDURAL DUE PROCESS
### UNDER THE PENNSYLVANIA CONSTITUTION
### (Petitioner v. DHS)

83.    All preceding paragraphs are incorporated as if fully set forth herein.

84.    Reputation is a fundamental right protected by Article I of the Pennsylvania Constitution.  Pa. Const. art. I, §1.

85.    The right to pursue one's lawful occupation is a right protected by Article I of the Pennsylvania Constitution.  Pa. Const. art. I, § 1.

86.    The Pennsylvania Constitution establishes reputation and the right to pursue one's lawful occupation as rights that cannot be abridged without compliance with state constitutional standards of due process.

87.    DHS will imminently enter Petitioner's name on the ChildLine database as a perpetrator in a founded report of child abuse solely on the basis of her

acceptance into an ARD program involving the same factual circumstances underlying a report of child abuse to the ChildLine database.

88.    DHS failed to provide Petitioner with constitutionally required pre-deprivation due process.

89.    Under no set of facts could the definition of a founded report in Section 6303 of the CPSL be constitutional as no individual that enters into an ARD program related to circumstances involved in a report of child abuse is afforded an adjudication prior to being named as a perpetrator in the founded report of child abuse.

90.    The sole adjudication authorized by the CPSL associated with individuals listed on a founded report of child abuse is to determine whether the facts underlying the ARD are the same as those in the Childline report.  The CPSL provides for no adjudication on whether the individual committed the acts alleged in the Childline report, or whether the alleged acts amount to child abuse under the CPSL.

91.    ARD is not a criminal conviction. <u>Com. v. Bowser</u>, 624 A.2d 125, 135 (Pa. Super. 1993).  ARD puts a criminal proceeding in abeyance and completion of an ARD program results in dismissal of charges.  ARD involves no factual findings by a judge or jury. <u>J.F. v. Dep't of Human Servs.</u>, 204 A.3d 1042, 1049 (Pa. Cmwlth. 2019).

92.    The procedures employed by government actors pursuant to the CPSL pose a high risk of erroneous deprivation of individual rights.

93.    Alternative procedures that could prevent constitutional deprivations are readily available at a low cost.

94.    As a direct and proximate result of the actions alleged herein, Petitioner has lost the ability to work in her chosen profession and suffered severe reputational harm.

95.    A post-deprivation remedy, if one is eventually afforded to Petitioner,[2] is insufficient.

96.    Petitioner lacks an adequate remedy at law.

**WHEREFORE**, Petitioner prays upon this Court to issue an order providing the following relief:

- Declare that the CPSL is constitutionally deficient under the Pennsylvania Constitution on its face insofar as the CPSL provides no due process to individuals listed on the ChildLine database as perpetrators of a founded report of child abuse when the basis of the founded report is acceptance into an ARD program;

---

[2] Whether and what type of post-deprivation remedy is required by the Pennsylvania Administrative Code when a founded report is derived from acceptance in an ARD program is pending before the Supreme Court.  See J.F. v. Department of Human Services, 72 MAP 2019 (oral argument conducted May 2020).

- Declare that the CSPL is constitutionally deficient under the Pennsylvania Constitution as applied to Petitioner insofar as Petitioner was provided with no pre-deprivation due process prior to being listed on the ChildLine database as a perpetrator in a founded report of child abuse;

- Enjoin DHS from listing any individual as a perpetrator in a founded report of child abuse unless the individual is first provided notice and a meaningful opportunity to be heard at a meaningful time; and

- Grant any other relief the Court deems proper and equitable.

## COUNT IV
## ACTION PURSUANT TO 42 U.S.C. § 1983: VIOLATION OF PROCEDURAL DUE PROCESS UNDER THE UNITED STATES CONSTITION
### (Petitioner Against Respondent Miller)

97.     All preceding paragraphs are incorporated as if fully set forth herein.

98.     Reputation is protected by the due process clause of the Fourteenth Amendment to the United States Constitution, U.S. Const. amend. XIV, when the infringement of the right to reputation is "accompanie[d by] the alteration or extinguishment of a right or status previously recognized by state law." Watson v. Sec'y Pa. Dep't of Corr., 436 F. App'x 131, 134 (3d Cir. 2011).

99.     At all times relevant, Respondent Miller acted under the color of state law.

100.   Respondent Miller, in her official capacity, is charged with enforcing the CPSL.

101.   Petitioner's name will imminently be entered on the ChildLine database as a perpetrator in a founded report of child abuse without providing Petitioner adequate pre-deprivation due process.

102.   Upon being listed as a perpetrator in a founded report of child abuse, Petitioner will be barred from pursuing her chosen profession.   See 24 P.S. § 2070.9d(a)(1).

103.   Respondent Miller failed to provide Petitioner with constitutionally required pre-deprivation due process.

104.   Under no set of facts could the definition of a founded report in Section 6303 of the CPSL be constitutional as no individual that enters into an ARD program related to circumstances involved in a report of child abuse is afforded an adjudication prior to being named as a perpetrator in the founded report of child abuse.

105.   The sole adjudication authorized by the CPSL associated with individuals listed on a founded report of child abuse is to determine whether the facts underlying the ARD are the same as those in the Childline report.   The CPSL provides for no adjudication on whether the individual committed the acts alleged in

the Childline report, or whether the alleged acts amount to child abuse under the CPSL.

106.   ARD is not a criminal conviction. <u>Com. v. Bowser</u>, 624 A.2d 125, 135 (Pa. Super. 1993).  ARD puts a criminal proceeding in abeyance and completion of an ARD program results in dismissal of charges.  ARD involves no factual findings by a judge or jury. <u>J.F. v. Dep't of Human Servs.</u>, 204 A.3d 1042, 1049 (Pa. Cmwlth. 2019).

107.   A post-deprivation remedy, if one is afforded to Petitioner, is insufficient.

108.   The procedures employed by government actors pursuant to the CPSL pose a high risk of erroneous deprivation of individual rights.

109.   Alternative procedures that could prevent constitutional deprivations are readily available at a low cost.

110.   As a direct and proximate result of the actions alleged herein, Petitioner lost the ability to work in her chosen profession and suffers severe reputational harm.

111.   Petitioner lacks an adequate remedy at law.

**WHEREFORE**, Petitioner prays upon this Court to issue an order providing the following relief:

- Declare that the CPSL is constitutionally deficient under the United States Constitution as applied to Petitioner insofar as Petitioner was provided

with no pre-deprivation due process prior to being listed on the ChildLine

database as a perpetrator in a founded report of child abuse;

- Award Petitioner reasonable attorney's fees pursuant to 42 U.S. § 1988; and

- Grant any other relief the Court deems proper and equitable.

## COUNT V
## ACTION FOR MANDAMUS
### (Petitioner v. DHS)

112.   All preceding paragraphs are incorporated as if fully set forth herein.

113.   By listing Petitioner on the Childline database as a perpetrator of child

abuse without first conducting a fact-finding hearing, Respondents DHS and Miller

have deprived Petitioner of her constitutional rights without due process of law.

114.   "The writ of mandamus exists to compel official performance of a

ministerial act or mandatory duty." Fagen v. Smith, 41 A.3d 816, 818 (Pa. 2012).

115.   Mandamus will not lie "to establish legal rights." Barge v. Pa. Bd. of

Prob. & Parole, 39 A.3d 530, 545 (Pa. Cmwlth. 2012).   Instead, mandamus is

appropriate to "enforce those rights already existing beyond peradventure." Id.

116.   "Mandamus will lie to compel action by an official where his refusal to

act in the requested way stems from his erroneous interpretation of the law." Fagen,

41 A.3d at 818.

117.   Respondents have a mandatory duty to refrain from depriving

Petitioner of her constitutional rights.

23

118.   Respondents lack the discretion to continue to deprive Petitioner of her constitutional right to reputation and the right to pursue her chosen occupation without due process of law.

**WHEREFORE**, Petitioner prays upon this Court to issue a writ of mandamus ordering Respondents to remove the report related to Petitioner from the Childline database.

**COUNT VI**
**ACTION FOR DECLARATORY RELIEF:**
**VIOLATION OF PROCEDURAL DUE PROCESS**
**UNDER THE PENNSYLVANIA CONSTITUTION**
**(Petitioner v. PSPC)**

119.   All preceding paragraphs are incorporated as if fully set forth herein.

120.   The right to pursue one's lawful occupation is a right protected by Article I of the Pennsylvania Constitution.  Pa. Const. art. I, § 1.

121.   The Pennsylvania Constitution establishes the right to pursue one's lawful occupation as a right that cannot be abridged without compliance with state constitutional standards of due process.

122.   Section 9d(a)(1) of the Educator Discipline Act is unconstitutional as applied to Petitioner.

123.   ARD is not a criminal conviction.  Com. v. Bowser, 624 A.2d 125, 135 (Pa. Super. 1993).  ARD puts a criminal proceeding in abeyance and completion of an ARD program results in dismissal of charges.  ARD involves no factual findings

by a judge or jury. J.F. v. Dep't of Human Servs., 204 A.3d 1042, 1049 (Pa. Cmwlth. 2019).

124.   Petitioner surrendered her teacher certificate as a condition of ARD because she knew that Section 9d(a)(1) of the Educator Discipline Act required PSPC to direct PDE to revoke her certificate without a hearing on whether Petitioner committed the acts alleged, or whether Petitioner's actions warrant discipline under the Educator Discipline Act.  As such, surrender of her certificate had no immediate practical impact.  The sole result of surrender was accelerating the result already prescribed by the General Assembly.

125.   Petitioner has a substantial, direct, and immediate interest obtaining a declaration that Section 9d(a)(1) of the Educator Discipline Act is unconstitutional.

126.   Pursuant to Section 16 of the Educator Discipline Act, Petitioner may seek reinstatement of her certificate.

127.   The PSPC will reinstate a certificate if the PSPC determines it would be just and proper.

128.   A declaration that Section 9d(a)(1) of the Educator Discipline Act is unconstitutional would weigh heavily in favor of reinstatement.

**WHEREFORE**, Petitioner prays upon this Court to issue an order providing the following relief:

- Declare that Section 9d(a)(1) of the Educator Discipline Act, 24 P.S. § 2070.9d(a)(1), is constitutionally deficient under the Pennsylvania Constitution as applied to Petitioner; and

  - Grant any other relief the Court deems proper and equitable.

Respectfully submitted,

Dated:  October 15, 2020

Scott P. Stedjan, Esquire
PA I.D. No.: 318851
Thomas W. Scott
PA I.D. No.: 15682
KILLIAN & GEPHART, LLP
218 Pine Street
Harrisburg, PA  17101
TEL:  (717) 232-1851
sstedjan@killiangephart.com
tscott@killiangephart.com
*Counsel for the Petitioner*

## **VERIFICATION**

I, Sarah Lynn Fowler, hereby certify that the facts set forth in this Petition for Review are true and correct to the best of my knowledge, information and belief. I understand that false statements made therein are made subject to the penalties of 18 Pa. C.S. § 4904.

Date: 10/16/2000                    By: _Sarah Lynn Fowler_
                                          Sarah Lynn Fowler

# EXHIBIT A

 **pennsylvania**
DEPARTMENT OF HUMAN SERVICES

### IMPORTANT INFORMATION - READ CAREFULLY

SARAH FOWLER
409 SHELLYS LANE
ETTERS, PA 17319

**Child:** ▮▮▮▮▮▮▮▮
**Report No:** 8310040
**Status:** INDICATED
**Investigating Agency:** Dauphin
**Mailing Date:** 11/30/2018

### YOU ARE LISTED IN THE STATEWIDE DATABASE AS A PERPETRATOR IN AN INDICATED REPORT OF CHILD ABUSE.

An indicated report means that a county children and youth agency or the Pennsylvania Department of Human Services has made a determination that you committed abuse. Your name will remain on file in the statewide database indefinitely if your social security number or date of birth is known.

As a perpetrator in an indicated report, you will probably be prevented from working in an organization serving children or a public or private school or from becoming a foster care or adoptive parent. As a perpetrator, you could also be prevented from volunteering in an organization serving children or public or private school or from obtaining certain educational degrees or certificates. Other volunteer and employment opportunities may also be negatively affected.

A copy of the report of abuse is enclosed. Please read the report carefully.

**If you disagree with the determination that you have committed abuse, and you want your name removed from the Statewide Database, you have two options.**

(1) **You must appeal to the Department of Human Services within 90 days of the mailing date listed at the top of this notice.**

 To appeal you can use the enclosed form and check off the first box on the form. You may also write a letter requesting the appeal.

**OR**

(2) **You have a right to a hearing now. You can skip the appeal described above and ask the Bureau of Hearings and Appeals for that hearing. This request must be made within 90 days of the mailing date listed at the top of this notice.**

 To ask for a hearing, you can use the enclosed form and check off the second box on the form. You may also write a letter requesting the hearing.

### IN EITHER CASE, YOUR REQUEST MUST BE POSTMARKED WITHIN 90 DAYS FROM THE MAILING DATE AT THE TOP OF THIS NOTICE.

ChildLine and Abuse Registry
Office of Children, Youth and Families
P.O.Box 2675 | Harrisburg, PA 17105 | 717.783.1964 | F 717.772.1567 | www.dhs.pa.gov

**<u>WARNING: IF YOUR REQUEST FOR AN APPEAL OR A HEARING IS LATE, YOUR NAME WILL STAY ON THE STATEWIDE DATABASE, FOREVER, UNLESS.</u>**

**(1)** The department does not have your date of birth or social security number, in which case your name will be removed when the child turns 23 years of age.

OR

**(2)** You were under 18 years of age when the abuse was committed, you have not been named as a perpetrator of abuse again, the abuse did not involve a deadly weapon, and you are not required to register or have completed the requirement to register as a sexual offender; in which case your name will be removed when you turn 21 years of age or 5 years have passed, whichever is later.

OR

**(3)** You can show good cause why your name should be removed, such as new information shows that the report is not accurate, or is incorrect under the law, or that you are no longer a risk to children.

If there is a court decision that changes the status of your report to founded, you will need to provide a court order that the court decision has been reversed or vacated.

<u>**THIS IS A VERY SERIOUS MATTER.**</u>

You may wish to contact a lawyer to represent you. If you cannot afford a lawyer, call Pennsylvania Legal Aid Network at 1-800-322-7572. If you do not understand this notice, you can also call the Department of Human Services at 717-783-1964.

You can ask for services to prevent child abuse or neglect in the future. To ask for services, contact the county child welfare agency in the county where you live.

**RETURN YOUR REQUEST FOR A REVIEW OR A HEARING
AND ANY LETTERS TO:**

**SECRETARY OF HUMAN SERVICES
ChildLine and Abuse Registry
ATTENTION: CHILD ABUSE APPEALS
P.O. BOX 2675
HARRISBURG, PA 17105-2675**

Q-IND/P

ChildLine and Abuse Registry
Office of Children, Youth and Families
P.O.Box 2675 | Harrisburg, PA 17105 | 717.783.1964 | F 717.772.1567 | www.dhs.pa.gov

## REQUEST FOR REVIEW OR HEARING

**Fill out this form if you disagree with the report listing you as a perpetrator of child abuse and want the report to be reviewed.**

Your Name: _____

Your Address: _____

Child's Name and Date of Birth: _____

ChildLine Report No.: _____

Your Phone Number: _____

Please check ONE of the following:

☐   I want the Department of Human Services to review the findings against me before I ask for a hearing.  Include the reasons why you disagree with the report or why you think the findings in the report are wrong in the space below.  Include additional sheets of paper if you need more space.

☐   I want to skip the review and go directly to a hearing.

_____

**SIGNATURE**                                                    **DATE**

**WHEN YOU MAIL THIS FORM, IT MUST BE POSTMARKED WITHIN 90 DAYS OF THE MAILING DATE ON THE ENCLOSED NOTICE.**

**IF THE FORM IS NOT POSTMARKED WITHIN 90 DAYS, YOU WILL LOSE THE RIGHT TO A REVIEW OR HEARING.**

**KEEP A COPY OF THIS FORM FOR YOUR RECORDS.**

Send this form to:      **Secretary of Human Services**
**ChildLine and Abuse Registry**
**Attention: Child Abuse Appeals**
**P.O. Box 2675**
**Harrisburg, PA 17105-2675**

ChildLine and Abuse Registry
Office of Children, Youth and Families
P.O.Box 2675 | Harrisburg, PA 17105 | 717.783.1964 | F 717.772.1567 | www.dhs.pa.gov

## INFORMACIÓN IMPORTANTE: LEER ATENTAMENTE

SARAH FOWLER
409 SHELLYS LANE
ETTERS, PA 17319

**Niño:** ▮▮▮▮▮▮▮▮
**Informe n.º:** 8310040
**Situación:** INDICADO
**Agencia de investigación:** Dauphin
**Fecha de envío:** 11/30/2018

### USTED FIGURA EN LA BASE DE DATOS ESTATAL COMO AUTOR MATERIAL EN UN REPORTE INDICADO DE ABUSO INFANTIL.

Un reporte indicado implica que una agencia del condado para la protección de niños y jóvenes o el Departamento de Servicios Humanos de Pensilvania ha comprobado que usted cometió abuso. Su nombre permanecerá en el expediente de la base de datos estatal por tiempo indefinido si se conoce su número de seguridad social o fecha de nacimiento.

Es probable que, al ser el autor material en un reporte indicado, no pueda trabajar en una organización que atiende niños ni en una escuela pública ni privada, ni tampoco pueda ser tutor ni padre adoptivo. Es posible que, al ser el autor material, tampoco pueda ser voluntario en una organización que atiende niños ni en una escuela pública ni privada, ni pueda obtener determinados títulos o certificados educativos. Es posible que otras oportunidades de empleo o voluntariado se vean afectadas negativamente.

Se adjunta una copia del reporte de abuso. Lea el reporte atentamente.

**Si usted no está de acuerdo con la determinación de que usted ha cometido abuso y desea que se elimine su nombre de la base de datos estatal, tiene dos opciones.**

(1) **Debe apelar al Departamento de Servicios Humanos en un plazo de 90 días a partir de la fecha de envío que figura al comienzo de este aviso.**

Para apelar, puede utilizar el formulario adjunto y marcar el primer casillero en el formulario. También puede escribir una carta en la que solicite la apelación.

**o**

(2) **Ahora tiene derecho a una audiencia Puede omitir la apelación descrita anteriormente y solicitar esa audiencia a la Oficina de Audiencias y Apelaciones. Debe presentar esta solicitud en un plazo de 90 días a partir de la fecha de envío que figura al comienzo de este aviso.**

Para solicitar una audiencia, puede utilizar el formulario adjunto y marcar el segundo casillero en el formulario. También puede escribir una carta en la que solicite la audiencia.

ChildLine and Abuse Registry
Office of Children, Youth and Families
P.O.Box 2675 | Harrisburg, PA 17105 | 717.783.1964 | F 717.772.1567 | www.dhs.pa.gov

## CHILD PROTECTIVE SERVICES INVESTIGATION REPORT (TITLE 23 PA. C.S.A CHAPTER 63)

### I. IDENTIFYING INFORMATION

| DATE OF INCIDENT BEGIN | REFERRAL TYPE | REFERRAL RECEIVED DATE | REFERRAL ID |
|---|---|---|---|
| 9/14/2018 | CPS | 9/28/2018 4:16:00 PM | 8310040 |
| DATE OF INCIDENT END | COPY | | |
| 9/14/2018 | | | |

### 1. ALLEGED VICTIM/SUBJECT CHILD

| NAME | DATE OF BIRTH | GENDER |
|---|---|---|
| | | Male |
| ADDRESS | COUNTY | SSN |

### 2. PARENTS/LEGAL GUARDIAN

| NAME | RELATIONSHIP TO CHILD | DATE OF BIRTH | GENDER |
|---|---|---|---|
| | | | Female |
| ADDRESS | | COUNTY | SSN |

| NAME | RELATIONSHIP TO CHILD | DATE OF BIRTH | GENDER |
|---|---|---|---|
| | | | Male |
| ADDRESS | | COUNTY | SSN |

### 3. ALLEGED PERPETRATOR/PERSON RESPONSIBLE

| NAME | RELATIONSHIP TO CHILD | DATE OF BIRTH | GENDER |
|---|---|---|---|
| | | | |
| ADDRESS | | COUNTY | SSN |

| NAME | RELATIONSHIP TO CHILD | DATE OF BIRTH | GENDER |
|---|---|---|---|
| Sarah Fowler | Teacher | | Female |
| ADDRESS | | COUNTY | SSN |

### 4. FAMILY HOUSEHOLD COMPOSITION

### 5. THE INITIAL REFERRAL SOURCE

## II. NATURE OF ABUSE/NEGLECT

| ALLEGED VICTIM/SUBJECT CHILD | ALLEGED PERPETRATOR/RESPONSIBLE PERSON | CATEGORY OF ABUSE/NEGLECT | SUBCATEGORY OF ABUSE/NEGLECT |
|---|---|---|---|
| | Sarah Fowler | Creating a Reasonable Likelihood of Bodily Injury to a Child Through Any Recent Act/Failure to Act | Not Applicable |
| **ALLEGATION OUTCOME** | **OUTCOME EXPLANATION** | | |
| Indicated | Video footage of the incident was obtained showing the perpetrator forcing the child to walk up and down the stairs repeatedly. | | |
| ALLEGED VICTIM/SUBJECT CHILD | ALLEGED PERPETRATOR/RESPONSIBLE PERSON | CATEGORY OF ABUSE/NEGLECT | SUBCATEGORY OF ABUSE/NEGLECT |
| | | Creating a Reasonable Likelihood of Bodily Injury to a Child Through Any Recent Act/Failure to Act | Not Applicable |

## CHILD PROTECTIVE SERVICES INVESTIGATION REPORT (TITLE 23 PA. C.S.A CHAPTER 63)

| ALLEGATION OUTCOME | OUTCOME EXPLANATION |
|---|---|
| Unfounded | Incident did not create the reasonable likelihood of bodily injury as the alleged perpetrator was not present the entire time. |

### III. CPS ACTIONS

| | | |
|---|---|---|
| WAS CHILD ALLEGEDLY ABUSED WHILE IN A "CHILD CARE SERVICE" (As defined by CPSL)? | ☐ YES | ☒ NO |
| WAS CHILD REMOVED FROM ALLEGED ABUSIVE SETTING? | ☐ YES | ☒ NO |
| WERE LAW ENFORCEMENT OFFICIALS NOTIFIED OF THE REPORT? | ☒ YES | ☐ NO |
| WAS THERE A RELIGIOUS BASIS FOR THE CHILD'S CONDITION? | ☐ YES | ☐ NO |
| DID THE CHILD DIE AS A RESULT OF THIS INCIDENT OF ABUSE/NEGLECT? | ☐ YES | ☒ NO |

SERVICES PLANNED OR PROVIDED

Mental Health Services

### IV. INVESTIGATION/ASSESSMENT STATUS

INVESTIGATION/ASSESSMENT DECISION

Indicated

PLEASE EXPLAIN IN DETAIL THE BASIS FOR THE INVESTIGATION OUTCOME AND CASE OUTCOME SELECTED AND SPECIFY CRIMINAL ACTION

█ forensically interviewed but was unable to provide a statement due to his disability. Alleged perpetrator ███ was interviewed and denied the allegations. It was determined throughout the investigation that although the alleged perpetrator was present, she was not present the entire incident. Thus the allegations are unable to be substantiated. This case will be made unfounded per CPSL for alleged perpetrator ███ Perpetrator (SF) was interviewed and admitted to making the child walk up and down the stairs several times through out the day as a form of getting a child to calm down. Video footage was obtained of the incident. The allegations are able to be substantiated. This case will be made indicated per CPSL for perpetrator (SF).

### V. NEED FOR PROTECTIVE SERVICES

Not Applicable

| COUNTY WHERE ABUSE OCCURRED | | INVESTIGATING COUNTY/REGION | |
|---|---|---|---|
| Dauphin | | Dauphin | |
| INVESTIGATING WORKER NAME | | SUPERVISOR NAME | DATE OF APPROVAL |
| Alshah Calloway | | Matthew Wallace | |
| ADMINISTRATOR/DESIGNEE | DATE OF APPROVAL | LEGAL REVIEW | DATE OF REVIEW |
| | | | |
| INITIAL STATUS DETERMINATION DATE | | | |
| 11/26/2018 | | | |

# EXHIBIT B

JUL 2 5 2019



# DAUPHIN COUNTY

DEPARTMENT OF HUMAN SERVICES
SOCIAL SERVICES FOR CHILDREN AND YOUTH

**BOARD OF COMMISSIONERS**
JEFF HASTE, *Chairman*
MIKE PRIES, *Vice Chairman*
GEORGE P. HARTWICK III, *Secretary*

**CHIEF CLERK / CHIEF OF STAFF**
CHAD SAYLOR

*CHILDREN & YOUTH ADMINISTRATOR*
MARISA McCLELLAN, ESQUIRE

*ASSISTANT ADMINISTRATOR*
RICHARD VUKMANIC, M.S.W.

*HUMAN SERVICES DIRECTOR*
RANDIE YEAGER

*HUMAN SERVICES SOLICITOR*
FREDRICK W. LIGHTY, ESQUIRE

*DIRECTORS OF SOCIAL SERVICES*
CURRIN HAINES-YODER, M.S.W.
MYLAH N. MARTIN, M.S.W.
KELLY Y. ROMBERGER
MICHELE M. RUSH
LISA WHEELER, B.S.W.

*DIRECTOR OF FISCAL OPERATIONS*
JENNIFER M. CAPITANI

July 22, 2019

Sarah Fowler
409 Shellys Lane
Etters, PA 17319

RE:    S.F. In re: E.M.
       BHA Docket No.:  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
       Report No.:  8310040
       Child Abuse Expunction

Ms. Fowler:

Enclosed please find a Motion for Stay prepared in connection with the above-referenced appeal.

Sincerely,

Adrian Piechowicz
SWAN LSI Paralegal, Dauphin County
Social Services for Children and Youth

*Enclosure*
*Cc: John M. Arose, Esquire, Attorney for Appellant*
*      Tilman P. Larson, Esquire, Assistant Solicitor, Dauphin County Social Services for Children & Youth*
*      Matt Wallace, Caseworker Supervisor, Dauphin County Social Services for Children & Youth*

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF HUMAN SERVICES
BUREAU OF HEARINGS AND APPEALS

IN THE APPEAL OF:        S.F. In re: E.M.
                         BHA Docket No. 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
                         ChildLine Repot No. 8310040
                         Child Abuse Expunction

## MOTION FOR STAY

I.   <u>Submitted for</u>: Dauphin County Social Services for Children and Youth ("Agency").

II.  <u>Date and location of hearing</u>: July 23, 2019, at 9:15 A.M., Bureau of Hearings and Appeals.

III. <u>Reason why stay should be granted</u>:
     There are criminal proceedings pending which involve the same factual circumstances as the
     above-referenced appeal.  (See: Appellant's Police Criminal Complaint attached hereto as
     Exhibit "A".)

IV.  <u>Statutory, regulatory and decisional law authority supporting this motion</u>:
     23 Pa.C.S. 6341(d) – "Stay of proceedings. – Any administrative appeal proceeding pursuant
     to subsection (b) shall be automatically stayed upon notice to the department by either of the
     parties when there is a pending criminal proceeding or a dependency or delinquency
     proceeding pursuant to 42 Pa.C.S. Ch. 63 (relating to juvenile matters), including any appeal
     thereof, involving the same factual circumstances as the administrative appeal."

V.   <u>Averment of concurrence or opposition of the parties</u>:
     On July 22, 2019, the Agency contacted the appellant's attorney, John M. Arose, Esquire, to
     inquire about his client's position on this Motion for Stay. Mr. Arose informed me that he
     opposes this Motion for Stay on behalf of his client.

Date:  July 22, 2019

                                        _____
                                        Tilman P. Larson, Esquire
                                        Attorney ID No. 308943
                                        Solicitor, Dauphin County Social
                                        Services for Children and Youth
                                        1001 North Sixth Street
                                        Harrisburg, PA 17102
                                        Phone: (717) 780-7200
                                        Fax: (717) 525-9921

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF HUMAN SERVICES
BUREAU OF HEARINGS AND APPEALS

IN THE APPEAL OF:       K.S. In re: J.R.
                        BHA Docket No.: 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
                        Report No.: 8303369
                        Child Abuse Expunction

## CERTIFICATE OF SERVICE

I, Adrian Piechowicz, SWAN LSI Paralegal and employee of Dauphin County Social Services for Children and Youth, hereby certify that I have on this day served the foregoing Motion for Stay upon all parties of record in this proceeding in accordance with the requirements of §33.32 (relating to service by a participant).

**Twilah S. Shipley, Esquire**
**Administrative Law Judge**
Department of Human Services
Bureau of Hearings and Appeals
2330 Vartan Way, 2ⁿᵈ Floor
Harrisburg, PA 17110-9721

**S.F., Appellant**
409 Shellys Lane
Etters, PA  17319

**John M. Arose, Esquire**
Attorney for Appellant
218 Pine Street
Harrisburg, PA 17101

**Matthew Wallace, Caseworker Supervisor**
Dauphin County Social Services for Children and Youth
1001 North Sixth Street
Harrisburg, PA 17102

Date:  July 22, 2019

Adrian Piechowicz, SWAN LSI Paralegal

*Summons*

| COMMONWEALTH OF PENNSYLVANIA<br>COUNTY OF: DAUPHIN | POLICE CRIMINAL COMPLAINT<br>COMMONWEALTH OF PENNSYLVANIA<br>VS. |
|---|---|

Magisterial District Number: 12-1-02
MDJ: Hon. BARBARA PIANKA
Address: 2967 A N 7TH ST
HARRISBURG PA 17110

Telephone: 717-238-3386

**DEFENDANT:** SARAH L FOWLER

*(NAME and ADDRESS):*
First Name  Middle Name  Last Name  Gen.
409 SHELLYS LN
ETTERS PA 17319

Telephone: Day: 570-916-6789 Eve: 570-916-6789

**NCIC Extradition Code Type**

- [ ] 1-Felony Full
- [ ] 2-Felony Ltd
- [ ] 3-Felony Surrounding States
- [ ] 4-Felony No Ext.
- [ ] 5-Felony Pend.
- [ ] 6-Felony Pend. Extradition Determ.
- [ ] A-Misdemeanor Full
- [ ] B-Misdemeanor Limited
- [x] C-Misdemeanor Surrounding States
- [ ] D-Misdemeanor No Extradition
- [ ] E-Misdemeanor Pending
- [ ] F-Misdemeanor Pen. Extra. Determ.
- [ ] Distance:

**DEFENDANT IDENTIFICATION INFORMATION**

| Docket Number | Date Filed 7/19/2018 | OTN/LiveScan Number | Complaint/Incident Number 18-0915-114-001 | Request Lab Services? YES [ ] NO [x] |
|---|---|---|---|---|

GENDER: [ ] Male [x] Female  DOB 10/11/1989  POB  Add'l DOB  Co-Defendant(s) [ ]
AKA First Name  Middle Name  Last Name  Gen.

RACE: [x] White [ ] Asian [ ] Black [ ] Native American [ ] Unknown
ETHNICITY: [ ] Hispanic [x] Non-Hispanic [ ] Unknown

HAIR COLOR: [ ] GRY (Gray) [ ] RED (Red/Aubn.) [ ] SDY (Sandy) [ ] BLU (Blue) [ ] PLE (Purple) [ ] BRO (Brown) [ ] BLK (Black) [ ] ONG (Orange) [ ] WHI (White) [x] XXX (Unk./Bald) [ ] GRN (Green) [ ] PNK (Pink) [ ] BLN (Blonde / Strawberry)

EYE COLOR: [ ] BLK (Black) [ ] BLU (Blue) [ ] BRO (Brown) [ ] GRN (Green) [ ] GRY (Gray) [ ] HAZ (Hazel) [ ] MAR (Maroon) [ ] PNK (Pink) [ ] MUL (Multicolored) [x] XXX (Unknown)

DNA: [ ] YES [x] NO  DNA Location  WEIGHT (lbs.)
FBI Number  MNU Number
Defendant Fingerprinted: [ ] YES [ ] NO  FL HEIGHT In.
Fingerprint Classification:

**DEFENDANT VEHICLE INFORMATION**

| Plate # | State | Hazmat [ ] | Registration Sticker (MM/YY) | Comm'l Veh. Ind. | School Veh. | Oth. NCIC Veh. Code | Reg. same as Def. [ ] |
|---|---|---|---|---|---|---|---|
| VIN | | Year | Make | Model | Style | Color | |

Office of the attorney for the Commonwealth [ ] Approved [ ] Disapproved because: _____

(The attorney for the Commonwealth may require that the complaint, arrest warrant affidavit, or both be approved by the attorney for the Commonwealth prior to filing. See Pa.R.Crim.P. 507).

(Name of the attorney for the Commonwealth)  (Signature of the attorney for the Commonwealth)  (Date)

I, JACOB PIERCE
(Name of the Affiant)
of City of Harrisburg, Bureau of Police
(Identify Department or Agency Represented and Political Subdivision)

(PSP/MPOETC-Assigned Affiant ID Number & Badge #)
(Police Agency ORI Number)

do hereby state: (check appropriate box)
1. [x] I accuse the above named defendant who lives at the address set forth above
   [ ] I accuse the defendant whose name is unknown to me but who is described as
   [ ] I accuse the defendant whose name and popular designation or nickname are unknown to me and whom I have therefore designated as John Doe or Jane Doe

with violating the penal laws of the Commonwealth of Pennsylvania at [ 301 ]  HARRISBURG
(Subdivision Code)  (Place-Political Subdivision)

1205 N 6TH ST, BEN FRANKLIN SCHOOL, HARRISBURG PA 17102 Zone 221 (endangering the welfare of children incident)

in DAUPHIN  County [ 22 ] on or about Thursday, 09/13/2018 10:00 to 09/14/2018 15:00
(Offense Date)

EXHIBIT A

AOPC 412A -- Rev. 07/18  Page 1 of 5

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed:<br>7/19/2019 | OTN/LiveScan Number | Complaint/Incident Number<br>18-0915-114-001 |
|---|---|---|---|
| **Defendant Name** | First:<br>SARAH | Middle:<br>L | Last:<br>FOWLER |

2. I ask that a warrant of arrest or a summons be issued and that the defendant be required to answer the charges I have made.

3. I verify that the facts set forth in this complaint are true and correct to the best of my knowledge or information and belief. This verification is made subject to the penalties of Section 4904 of the Crimes Code (18 Pa. C.S.§4904) relating to unsworn falsification to authorities.

4. This complaint consists of the preceding page(s), numbered 1 through   5.

5. I certify that this filing complies with the provisions of the *Case Records Public Access Policy of the Unified Judicial System of Pennsylvania* that require filing confidential information and documents differently than non-confidential information and documents.

The acts committed by the accused, as listed and hereafter, were against the peace and dignity of the Commonwealth of Pennsylvania and were contrary to the Act(s) of the Assembly, or in violation of the statutes cited.
**(Before a warrant of arrest can be issued, an affidavit of probable cause must be completed, sworn to before the issuing authority, and attached.)**

_7/19_   _2019_   _____

(Date)        (Year)        (Signature of Affiant)

AND NOW, on this date _____, I certify that the complaint has been properly completed and verified.

An affidavit of probable cause must be completed before a warrant can be issued.

12-1-02
(Magisterial District Court Number)        _____
                                           (Issuing Authority)

SEAL

 **POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed:<br>7/18/2019 | OTN/LiveScan Number | Complaint/Incident Number<br>18-0915-114-001 |
|---|---|---|---|
| Defendant Name | First:<br>SARAH | Middle:<br>L | Last:<br>FOWLER |

The acts committed by the accused are described below with each Act of Assembly or statute allegedly violated, if appropriate. When there is more than one offense, each offense should be numbered chronologically.

(Set forth a *brief* summary of the facts sufficient to advise the defendant of the nature of the offense(s) charged. A citation to the statute(s) allegedly violated, without more, is not sufficient. In a summary case, you must cite the specific section(s) and subsection(s) of the statute(s) or ordinance(s) allegedly violated.)

| Inchoate<br>Offense | ☐ Attempt<br>18 901 A | ☐ Solicitation<br>18 902 A | ☐ Conspiracy<br>18 903 | Number of Victims Age 60 or Older 0 |
|---|---|---|---|---|

| ☑ | 1 | 4304 | A | of the | Title 18 | 1 | M1 | | 20 |
|---|---|---|---|---|---|---|---|---|---|
| Lead? | Offense# | Section | Subsection | | PA Statute (Title) | Counts | Grade | NCIC Offense Code | UCR/NIBRS Code |

| PennDOT Data<br>(if applicable) | Accident<br>Number | | ☐ Interstate | ☐ Safety Zone | ☐ Work Zone |
|---|---|---|---|---|---|

Statute Description (include the name of statute or ordinance):
ENDANGERING WELFARE OF CHILDREN

Acts of the accused associated with this Offense:

**\*\*Summons\*\***

PACC 4304A ENDANGERING WELFARE OF CHILDREN

IN THAT, on or about said date, 9/13/2018, being a parent, guardian, or other person supervising the welfare of 6 year old EL, a child under the age of 18 years of age, The defendant, Sarah Fowler, did knowingly endanger the welfare of EL by violating a duty of care, protection or support, namely, by forcing EL to walk up and down a flight of stairs by the defendant or at the direction of the defendant which totaled over one hundred times  in violation of Section 4304(a) of the PA Crimes Code. (18 P.S. 4304(a) - Misd.1st, a course of conduct of endangering the welfare of a child - Fel 3rd)

Please provide the following information for each co-defendant.

# Co-Defendant Data Sheet

| Docket Number: | Date Filed:<br>7/19/2019 | OTN/LiveScan Number | Complaint/Incident Number<br>18-0915-114-001 |
|---|---|---|---|
| Defendant Name | First:<br>SARAH | Middle:<br>L | Last:<br>FOWLER |

# REQUEST FOR SUBPOENAS
## COMMONWEALTH OF PENNSYLVANIA
### VS.

DEFENDANT:

NAME and ADDRESS

SARAH L FOWLER
409 SHELLYS LN
ETTERS PA 17319

7/19/2019

I request the following be subpoenaed in the above case:

| | |
|---|---|
| WALTER DOCKENS<br>1516 SWATARA ST<br>APT 2<br>HARRISBURG PA 17104<br><br>717-686-7504 | ████████████ |
| BRANDI MOORE<br>430 BESSEMER ST<br>STEELTON PA 17113<br><br>717-608-7122 | ████████████ |

BARBARA PIANKA          12-1-02
City of Harrisburg, Bureau of Police
Asst. D.A. Requested at Preliminary Hearing

JACOB PIERCE
(Complainant/Officer)

**POLICE CRIMINAL COMPLAINT**

| Docket Number: | Date Filed: 7/19/2019 | OTN/LiveScan Number | Complaint/Incident Number 18-0915-114-001 |
|---|---|---|---|
| Defendant Name | First: SARAH | Middle: L | Last: FOWLER |

## AFFIDAVIT of PROBABLE CAUSE

**\*\*Summons\*\***

On 9/15/2018, around 0924 hours, Harrisburg Police responded to Benjamin Franklin Elementary School located at 1201 North 6th Street for a report of child abuse/neglect to a minor.

During this time video surveillance was handed over to the police which showed the defendant, Sarah Folwer, marching and directing others to march six year old EL up and down a staircase over 100 times. These actions continued throughout the day on 9/13/2018. In the video EL was dragged, pulled, coerced and further forced to march up and down the staircase.

With the information complied from the investigation, Sarah Fowler is being charged with one count of endangering the welfare of children due to her actions.

I, JACOB PIERCE                               , BEING DULY SWORN ACCORDING TO THE LAW, DEPOSE AND SAY THAT THE FACTS SET FORTH IN THE FOREGOING AFFIDAVIT ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

I CERTIFY THAT THIS FILING COMPLIES WITH THE PROVISIONS OF THE CASE RECORDS PUBLIC ACCESS POLICY OF THE UNIFIED JUDICIAL SYSTEM OF PENNSYLVANIA THAT REQUIRE FILING CONFIDENTIAL INFORMATION AND DOCUMENTS DIFFERENTLY THAN NON-CONFIDENTIAL INFORMATION AND DOCUMENTS.

_____
(Signature of Affiant)

Sworn to me and subscribed before me this _____ day of _____, _____

_____ Date _____, Magisterial District Judge

My commission expires  first Monday of January,

| |
|---|
| SEAL |

AOPC 411C – Rev. 07/18

# EXHIBIT C

# Magisterial District Judge 12-1-02

## DOCKET

Docket Number: MJ-12102-CR-0000348-2019

# Criminal Docket



Commonwealth of Pennsylvania

v.

Sarah L. Fowler

Page 1 of 2

## CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Barbara W. Pianka | Issue Date: | 08/06/2019 |
| OTN: | U 735706-6 | File Date: | 08/06/2019 |
| Arresting Agency: | Harrisburg Police Dept | Arrest Date: | |
| Complaint/Incident #: | 180915114001 | Disposition: | |
| County: | Dauphin | Disposition Date: | |
| Township: | Harrisburg City | Case Status: | Active |

## STATUS INFORMATION

| Case Status | Status Date | Processing Status |
|---|---|---|
| Active | 08/06/2019 | Awaiting Preliminary Hearing |

## CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Preliminary Hearing | 08/28/2019 | 9:15 am | | Barbara W. Pianka | Scheduled |

## DEFENDANT INFORMATION

| | | | |
|---|---|---|---|
| Name: | Fowler, Sarah L. | Sex: | Female |
| Date of Birth: | 10/11/1989 | Race: | White |
| Address(es): | | | |
| Home | | | |
| Etters, PA 17319 | | | |

| | |
|---|---|
| Advised of His Right to Apply for Assignment of Counsel? | No |
| Public Defender Requested by the Defendant? | No |
| Application Provided for Appointment of Public Defender? | No |
| Has the Defendant Been Fingerprinted? | No |

## CASE PARTICIPANTS

| Participant Type | Participant Name |
|---|---|
| Defendant | Fowler, Sarah L. |
| Arresting Officer | Pierce, Jacob B. |

## CHARGES

| # Charge | Grade | Description | Offense Dt. | Disposition |
|---|---|---|---|---|
| 1 18 § 4304 §§ A1 | M1 | Endangering Welfare of Children - Parent/Guardian/Other Commits Offense | 09/13/2018 | |

MDJS 1200

Printed: 08/12/2019  10:44 am

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets. Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# Magisterial District Judge 12-1-02

## DOCKET

Docket Number: MJ-12102-CR-0000348-2019

## Criminal Docket



Commonwealth of Pennsylvania
v.
Sarah L. Fowler

Page 2 of 2

### DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 08/06/2019 | Summons Issued | Magisterial District Court 12-1-02 | Sarah L. Fowler, Defendant |
| 08/06/2019 | First Class Summons Issued | Magisterial District Court 12-1-02 | Sarah L. Fowler, Defendant |
| 08/06/2019 | Certified Summons Issued | Magisterial District Court 12-1-02 | Sarah L. Fowler, Defendant |
| 08/06/2019 | First Class Fingerprint Order Issued | Magisterial District Court 12-1-02 | Sarah L. Fowler, Defendant |
| 08/06/2019 | Fingerprint Order Issued | Magisterial District Court 12-1-02 | Sarah L. Fowler, Defendant |
| 08/06/2019 | Certified Fingerprint Order Issued | Magisterial District Court 12-1-02 | Sarah L. Fowler, Defendant |
| 08/06/2019 | Criminal Complaint Filed | Magisterial District Court 12-1-02 | |

MDJS 1200                                    Page 2 of 2                            Printed: 08/12/2019 10:44 am

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets.  Docket sheet information should not be used in place of a criminal history background check, which can only be provided by the Pennsylvania State Police. Employers who do not comply with the provisions of the Criminal History Record Information Act (18 Pa.C.S. Section 9101 et seq.) may be subject to civil liability as set forth in 18 Pa.C.S. Section 9183.

# EXHIBIT D



Commonwealth of Pennsylvania
# Professional Standards and Practices Commission

333 Market Street, Harrisburg, PA 17126-0333 Phone (717) 787-6576 TTY (717) 783-8445 FAX (717) 783-0734

January 17, 2020

John M. Arose, Esquire
Killian & Gephart, LLP
218 Pine Street
P.O. Box 886
Harrisburg, PA 17108-0886

     Re:   **Department of Education v. Sarah L. Fowler**
              **PSPC Docket No. DI 19-204**

Dear Attorney Arose:

Enclosed please find a copy of the Order issued by the Professional Standards and Practices Commission in the above-referenced matter.

Sincerely,

Shane F. Crosby
Executive Director

Enclosure

cc: Nicole M. Werner, Senior Counsel

## COMMONWEALTH OF PENNSYLVANIA
## PROFESSIONAL STANDARDS AND PRACTICES COMMISSION

DEPARTMENT OF EDUCATION,                    :
      Petitioner,                            :
                              :
                              :
              v.                            :   **DOCKET NO. DI-19-204**
                              :
SARAH L. FOWLER,                            :
      Respondent.                            :

### ORDER

AND NOW, this 17th day of January 2020, it is hereby ORDERED that the Department of Education is directed to IMMEDIATELY SUSPEND the educator certification and the eligibility to be employed as a charter or cyber charter school staff member or a contracted educational provider staff member of Respondent SARAH L. FOWLER pursuant to 24 P.S. § 2070.9b(a)(1). In electing not to contest the immediate suspension, Respondent does not admit any of the criminal allegations or that she poses a threat to the health, safety or welfare of students and/or other persons in the schools of this Commonwealth. Should Respondent be acquitted of the criminal charges or should the criminal charges be otherwise dismissed or removed, the Commission shall reinstate her educator certification and employment eligibility upon receipt of certified documentation of the acquittal or dismissal.

PROFESSIONAL STANDARDS AND
PRACTICES COMMISSION

By: _____

      Myron Yoder
      Chairperson Pro Tempore

Date Mailed: January 17, 2020    Attest: _____

      Shane F. Crosby
      Executive Director

## APPEALING A COMMISSION DECISION TO THE COMMONWEALTH COURT

he attached Memorandum and Order represents the final decision of the Professional Standards nd Practices Commission in this matter. If a party disagrees with the Commission's attached ecision, the party has the right to file a Petition for Review with the Commonwealth Court of 'ennsylvania within thirty (30) days after the mailing date of the Commission's decision in ccordance with the Pennsylvania Rules of Appellate Procedure. See Chapter 15 of the 'ennsylvania Rules of Appellate Procedure entitled "Judicial Review of Governmental )eterminations," Pa. R.A.P. 1501-1561. A Petition for Review may be filed in person, by mail or lectronically via the PACFile appellate court electronic filing system. The Court's filing office is )cated at:

Commonwealth Court of Pennsylvania
Pennsylvania Judicial Center
601 Commonwealth Avenue, Suite 2100
P.O. Box 69185
Harrisburg, PA 17106

:opies of the Petition for Review must be served in person or by certified mail upon the Commission ind the Attorney General of Pennsylvania. All other parties shall be served as prescribed by Rule 21(b) of the Pennsylvania Rules of Appellate Procedure.

'lease direct questions about filing to the Chief Clerk's Office at 717-255-1650. For more 1formation about PACFile and to register for a user account, visit the Pennsylvania Unified Judicial 3ystem Web Portal at: https://ujsportal.pacourts.us.

'rior to filing a petition for review with the Commonwealth Court, a party may wish to consult an attorney.

\n appeal to the Commonwealth Court shall operate as a stay of the discipline imposed until the esolution of the appeal, except where: (1) the grounds for discipline include sexual misconduct or iexual abuse or exploitation; (2) the Commission's decision is accompanied by a finding that mmediate discipline is necessary to protect the health, safety or welfare of students or other persons n the schools of this Commonwealth; or (3) the discipline is the result of a negotiated settlement )etween the parties or is imposed under section 9b of the Educator Discipline Act (relating to liscipline for criminal offenses). 24 P.S. § 2070.15.

## REQUESTING THE COMMISSION TO RECONSIDER ITS DECISION

\ party may submit a request to the Commission for rehearing or reconsideration no later than fifteen 15) days after the decision mailing date in accordance with section 35.241 of the General Rules of \dministrative Practice and Procedure. 1 Pa. Code § 35.241. Requests for rehearing or econsideration will be granted only under very limited circumstances. The Commission, in most :ases, cannot revisit its previous credibility determinations. Also, the Commission will not accept idditional evidence, unless the party could not have presented the evidence at an earlier stage. Requests that merely reargue a party's case before the Commission will be denied.

'he submission of a request for reconsideration to the Commission does not extend the time imit for filing a Petition for Review with the Commonwealth Court.

# CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania:   Case Records of The Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by:   Killian & Gephart, LLP

Signature:

Name:           Scott P. Stedjan, Esquire

Date:           October 15, 2020

PA I.D. No. :   318851

## CERTIFICATE OF SERVICE

Pursuant to Pa.R.A.P 1514(c), I certify that on this day I will cause the

Petition for Review in the Nature of a Complaint to be served upon the following

by hand delivery at the addresses listed below:

### Via Hand Delivery

Pennsylvania Department of Human Services
625 Forester Street
Harrisburg, PA

Teresa D. Miller, Secretary
Department of Health and Human Services
625 Forester Street
Harrisburg, PA

Pennsylvania Professional Standards and Practices Commission
333 Market Street, 14th Floor
Harrisburg, PA

Pennsylvania Office of Attorney General
Strawberry Square
Harrisburg, PA

Dated:  October 15, 2020

Scott P. Stedjan, Esquire
PA I.D. No.:  318851
KILLIAN & GEPHART, LLP
218 Pine Street
Harrisburg, PA  17101
TEL:  (717) 232-1851
sstedjan@killiangephart.com
*Counsel for the Petitioner*